O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JEANNE MUNDONGO MANUNGA,    )        CASE NO. CV 14-3910 AG (RZ)
                            )
                Plaintiff,  )
                            )        MEMORANDUM AND ORDER
        vs.                 )        DISMISSING COMPLAINT WITH
                            )        LEAVE TO AMEND
LOUIS, et al.,              )
                            )
                Defendants. )
_____)

        The *pro se* and *in forma pauperis* plaintiff in this *Bivens* action, Jeanne Mundongo Manunga, is an immigration detainee, *i.e.,* is in custody for removal proceedings.  She appears to assert that she was beaten and injured by an Immigration and Customs Enforcement (ICE) guard, and that four additional ICE (or other federal) employees neglected or mistreated her around the same time.  Due to certain pleading flaws discussed below, the Court will dismiss the initial complaint with leave to amend.

## I.

## COURT'S OBLIGATION TO SCREEN *IN FORMA PAUPERIS* CASES

        The Court must screen all complaints, including Plaintiff's, brought *in forma pauperis*.  *See Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam); 28 U.S.C. § 1915(e)(2) (screening of *in forma pauperis* actions generally).  The law requires this

Court to "dismiss the case if at any time it determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief."   28 U.S.C. § 1915(e)(2)(B).

A "complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory"; otherwise, it is subject to dismissal for failure to state a claim.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting, and including original emphasis from, *Car Carriers Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679-80, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (courts weighing dismissal should not accept, as true, allegations "that are no more than conclusions" and should dismiss if the well-pleaded allegations do not "plausibly suggest" an entitlement to relief).

A *pro se* plaintiff's civil rights complaint must be construed liberally, and the plaintiff must be given leave to amend his complaint, "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).  A dismissal with leave to amend is a non-dispositive matter within the purview of a Magistrate Judge.  *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.

## SUMMARY OF ALLEGATIONS

According to Plaintiff, on August 29, 2013, an ICE officer named Louis battered Plaintiff at the federal building at 300 North Los Angeles Street in Los Angeles, breaking her coccyx and causing other injuries.  Two additional ICE employees, a female with the last name of Gutierrez and a male John Doe 1, were present but neither halted Louis's assault nor spoke up in protest.  Plaintiff sues a fourth defendant, a male ICE supervisor named Rivera, for reasons that are largely unintelligible:  "He malic[i]ous,

govern, treating retaliating me and other Detainee retaliating to report criminal act, refuse to report . . . physical assault and treat other Detainee[.]"  Fifth and finally, Plaintiff sues John Doe 2, a nurse, for "malicious[ly]" refusing to provide or arrange for medical care even though Doe 2 personally saw that Plaintiff's hand was bleeding and her knee was swelling.  *See* Comp. at 3-4.  Plaintiff sues all five Defendants solely in their official capacity, seeking millions of dollars in damages and other relief.  (Attached to the complaint are various medical records, all or almost all of which pertain principally to medical visits long after Plaintiff's August 29, 2013 injuries.  In any amended complaint, Plaintiff should omit such materials, for they are prematurely submitted at best.)

### III.
### SHORTCOMINGS IN THE COMPLAINT

**A.    Improperly Targets Defendants Solely In Official Capacity**

A claim targeting a government employee in his or her official capacity is an assertion that the plaintiff was harmed by the employing agency's *improper* policy or practice.  In contrast, a claim against government employee in his or her *individual* capacity is an assertion that the employee him- or herself acted wrongly, *in violation of* the employing agency's proper policies.  Plaintiff's factual allegations make clear that she believes it was the defendants' *individual* wrongful acts and omissions, rather than the government's bad policies, that violated the law and harmed her.  Thus, she should have targeted Defendants in their *individual* capacity.  She may do so in an amended complaint.  (Plaintiff may sue a government employee in his or her official capacity as well, but only if she can allege in good faith that a government policy or practice, rather than individual misconduct, was the moving force behind her injuries.)

///
///
///
///

## B.    Fails To Specify Any Legal Claim(s)

Even in *pro se* cases, plaintiffs must state their various claims separately, each identifying a discrete alleged violation of the Constitution.  *See Bautista v. Los Angeles County*, 216 F.3d 837, 839-40 (9th Cir. 2000).  This separation serves the purpose of clarity:

> Experience teaches that, unless cases are pleaded clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer and society loses confidence in the court's ability to administer justice.

*Id*. at 840-41 (*quoting Anderson v. District Bd. of Trustees*, 77 F.3d 364, 367 (11th Cir. 1996)) (*citing* FED. R. CIV. P. 10(b) *and* JAMES W. MOORE, ET AL., MOORE'S FEDERAL PRACTICE, § 10.03[2][a] (3d ed. 1997)).

Here, Plaintiff asserts no legal claim at all.  Instead, in the space provided in the form complaint for the kind of legal claim being asserted, Plaintiff simply begins her factual narrative.  The reader is left to guess, based on the factual narrative, that perhaps she wishes to assert, the following claims for violations of her constitutional rights as a federal civil detainee, perhaps among others:

1.    Excessive force by Louis;

2.    Deliberate indifference by Gutierrez and guard Doe 1; and

3.    Deliberate medical indifference by Doe 2.

The complaint makes no intelligible claim against supervisor Rivera, who Plaintiff does not allege was present when Louis attacked her.

Even more unclear is whether Plaintiff intends to assert any additional legal claim(s).  Sprinkled throughout the complaint are terms hinting at this possibility, such as "retaliation."  The Court will not speculate about any possible legal claims that are not clearly asserted in any amended complaint and will not give legal advice about the

availability or merits of any claim.)  In any amended complaint, Plaintiff must state one or more express, separate claims for relief, each including –

(1)     a *single* civil right that defendant(s) allegedly violated, *e.g.*, a federal employee's deliberate indifference to an immigration detainee in violation of the Fifth Amendment; and

(2)     *as to each count of each claim,* the specific events and other facts that give rise to, and that make out a prima facie case of, *that specific claim.*  (If Plaintiff asserts more than one legal claim, then she must make clear which of the Defendants she targets in each claim.)

# IV.

## CONCLUSION

Based on the foregoing, the initial complaint hereby is DISMISSED, and leave to amend is granted.  More specifically, Plaintiff has three options:

(1)     **Plaintiff may pursue this action further** by filing an original and one copy of a pleading captioned as her First Amended Complaint (1AC), bearing the current case number, within 30 days of the filing date of this Order.  To withstand another dismissal, the 1AC must correct the deficiencies identified in this Order and must comply with the Federal Rules of Civil Procedure and this Court's Local Rules.  The 1AC must be complete in itself and must not refer to any prior version of the complaint.

(2)     **Plaintiff may file a "Notice of Intent Not to Amend Complaint" within 30 days** of the filing date of this Order.  If Plaintiff timely files such a Notice, then the undersigned will recommend to the assigned District Judge that this action be dismissed, freeing Plaintiff to appeal the dismissal on the grounds cited above.  *See Edwards v. Marin Park*, *Inc.*, 356 F.3d 1058, 1063-66 (9th Cir. 2004).

(3)     **Plaintiff may do nothing** in response to this Order.  If Plaintiff does not file a document pursuant to either option 1 or 2 above within the 30-day deadline, then the

Court shall deem her to have consented to dismissal of this action for failure to prosecute and for failure to comply with this Order. *See id.*

**The Court cautions Plaintiff that if she fails to file a timely amended complaint or otherwise fails to comply substantially with the terms of this Order, then this action may be dismissed.**

IT IS SO ORDERED.

DATED:   June 16, 2014

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE